BLUE RIDGE CLAY & RETORT Co. *v.* FLOYD-JONES and others.[1]

*(Circuit Court, C. D. Missouri.* March 17, 1886.)

EQUITY PRACTICE—FILING SPECIAL REPLICATION OUT OF TIME.
    A replication due at the October rules not having been filed, defendants filed a motion to dismiss December 3d. A special replication was thereafter filed. *Held,* that the motion must be sustained.

In Equity. Motion to dismiss.
The motion to dismiss was filed December 3, 1885. A special replication was filed December 5, 1885.
*Fag & Hatch* and *Davis & Davis,* for complainant.
*George H. Shields* and *R. H. Floyd-Jones,* for defendants.

TREAT, J., *(orally.)* In the case of the *Blue Ridge Clay & Retort Co.* v. *Floyd-Jones* there is a motion to dismiss. There are irregularities of practice in this case from the beginning to the end. First, under the statute of the state, where, instead of by regular proceedings to foreclose, the party chooses to proceed under the powers given in the deed of trust to secure a debt, and does so proceed, the right of redemption exists for a year, but it exists on the terms prescribed by the statute, to-wit, the payment of the debt secured by the deed of trust, the costs, etc., that have been incurred. Now, four days before the expiration of the year after the sale a bill was filed in this court, the plaintiff being a New York corporation. In the bill there is no averment anywhere that the amount of the debt, costs, etc., has been tendered as required by the statute, or is intended to be, nor that the amount is now brought into court to be paid. There is an utter failure on the face of the bill to comply with the terms of the statute.

The party respondent has answered elaborately. The replication was due at the October rules. The regulations prescribed by the supreme court concerning equity matters have, I may say, almost the force of statutes in this court. Had application been made, possibly an extension of time might have been granted as to the replication. No application was made. After the motion was filed to dismiss for non-compliance with the rules, the party came in and filed a replication, which is a paper wholly unknown to equity practice, under rule 45. I suppose his mind was resting on the practice which prevails in the state courts. Under rule 66 the party was entitled to have this suit dismissed, as of course, unless the party, for cause shown, applied to the court to escape the consequences of his negligence. No such application was ever made. He filed a paper which is not an equity replication. Now, what shall be done? The motion

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

here is grantable, as of course, no application having been made on the other side, for cause shown, with respect to it. I have gone through all the papers in the case, as if the rights of the parties were here to be determined on a controversy which they sought to present. The court must enforce the rule of the supreme court in regard to this matter.

The motion to dismiss will be sustained, (without prejudice).